UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SBFO OPERATOR NO. 3, LLC, et al., ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-03271-JAR |
| ) | |
| ONEX CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion for Clarification filed by Defendants Onex Corporation ("Onex") and Onex Partners IV, LP ("OP4"). (Doc. 22.) Plaintiffs filed a response in opposition (Doc. 23), and Defendants have replied (Doc. 26).

In their motion, Defendants relate the following: Defendants filed corporate disclosures stating that "no corporation owns more than 10% of Onex stock" and that "Onex Partner IV, LP is a privately-owned investment fund managed by its general partner, which is an affiliate of Onex Corporation, and whose limited partners are investors in the fund." (Doc. 22 at 1 (quoting (Docs. 17, 18).) Plaintiffs' counsel asserted that Defendants' corporate disclosures did not comply with Local Rule 2.09(B) because they do not "identify '**all**' parent companies and subsidiaries that are not wholly owned" or "**each general and limited partner**" and the partners' states of citizenship. (Doc. 21) Defendants state that they offered to supplement their disclosures but the disagreement continues. Defendants now ask the Court to clarify whether the Local Rules require additional information. (*Id.*)

**Applicable Authority**

Local Rule 2.09 requires a Disclosure of Organizational Interests Certificate from every non-governmental organizational party. The Certificate is "used by the judge assigned to a case to determine whether recusal is necessary or appropriate and to confirm jurisdiction is proper." E.D.Mo. L.R. 2.09(A). Corporations like Onex "must identify all parent companies of the corporation, subsidiaries not wholly owned, and any publicly held corporation or company that owns ten percent (10%) or more of the corporation's stock." E.D.Mo. L.R. 2.09(B)(1). Limited liability partnerships ("LLPs") "must identify each member of the subject organization and each member's state of citizenship." E.D.Mo. L.R. 2.09(B)(2).

Federal Rule of Civil Procedure 7.1(a) is worded slightly differently, requiring corporations to disclose "any parent corporation and any publicly held corporation owning 10% or more of [the defendant corporation's] stock." The Federal Rule does not require any filing from LLPs. *See* Fed. R. Civ. P. 7.1.

**Discussion**

Onex filed a corporate disclosure statement that reads as follows: "it is a publicly held corporation with shares that are traded on the Toronto Stock Exchange. No corporation owns more than 10% of its stock." (Doc. 17.) OP4's corporate disclosure statement reads as follows: "it is a privately owned investment fund managed by its general partner, which is an affiliate of Onex Corporation, and whose limited partners are investors in the fund." (Doc. 18.)

Plaintiffs' counsel wrote to Defendants' counsel, asking Onex to disclose "'all' parent companies and subsidiaries that are not wholly owned" and asking OP4 to "identify each general and limited partner and to provide each partner's state of citizenship." (Doc. 23-1 at 4.) Defendants' counsel disputed Plaintiffs' interpretation of the rules but offered to supplement the disclosures "to identify the publicly held companies with a stake in the defendant entities." (*Id.* at

3.) Defendants now ask the Court to determine whether additional supplementation is required by the Federal or Local Rule.  (Doc. 22.)

In their motion, Defendants assert that Onex need only disclose parents, subsidiaries, or publicly held corporations or companies individually own 10% of Onex's stock.  (Doc. 22 at 3.) They assert that Onex is therefore not required to disclose any person or entity that owns less than 10% of Onex.  (*Id.*)  In addition, they argue that Local Rule 2.09(B)(1) does not list—and therefore does not apply to—LPs.  (*Id.*)  Because OP4 is an LLP, Defendants argue that it need not make any disclosure at all.

Plaintiffs respond that Defendants are seeking a "*deviation* from the plain language of Local Rule 2.09" and that compliance poses no potential prejudice to Defendants.  (Doc. 23.)  They argue that Defendants' failure to fully comply robs the Court of its ability to fully understand Defendants' financial interests and potential conflicts:

> Similarly, Plaintiffs understand that there are several investment funds, as well as public pension funds, and perhaps charitable organizations that invest in Onex and its affiliates such as OP4. Given the broad financial reach Onex and OP4 have, Defendants' attempts to cloak their financial dealings in a shroud of secrecy hampers the Court's ability to obtain the information this Court has already determined it needs— at the beginning of this case—to ensure that it approaches this and other cases in this district with the impartiality and diligence it endeavors to achieve.

(*Id.* at 22-23.)  Plaintiffs argue that Defendants improperly limited their disclosures when the Rule requires disclosure of all parent companies and not-wholly-owned subsidiaries regardless of the 10% ownership threshold.  (*Id.* at 5.)  In support, they cite this Court's corporate disclosure form, which directs corporate parties to list "a. Its parent companies or corporations"; "b. Its subsidiaries not wholly owned by the [corporate defendant]"; and "c. Any publicly held company or corporation that owns ten percent (10%) or more of the [corporate defendant's] stock."  (Doc. 23 at 6.)  Plaintiffs additionally argue that the policy bases for Local Rule 2.09 apply equally to LPs

and LLPs and that therefore the Court cannot complete its conflict review unless OP4 discloses its partners.

### *Disclosure of Onex Parent Corporations*

The Court agrees with Plaintiffs that Onex must disclose all parent companies and subsidiaries not wholly owned regardless of their proportional share of Onex stock. Local Rule 2.09 requires disclosure of "*all* parent companies of the corporation" and "*any* publicly held corporation or company that owns ten percent (10%) or more." E.D.Mo. L.R. 2.09(B) (emphasis added). The Court understands the Rule's text to limit the application of the 10% ownership threshold to publicly held corporations or companies. Of particular note—as Plaintiffs point out—the Court's own disclosure form asks corporate parties to list each category in separate sections. Defendants' assertion that the 10% threshold applies to parent companies and subsidiaries is untenable.

Further, the Court is not persuaded by Defendants' argument that the Local Rule impermissibly conflicts with Federal Rule 7.1. (Doc. 22 at 2 (citing *Holloway v. Lockhart*, 813 F.2d 874, 880 (8th Cir. 1987)).) To the extent Rule 7.1 requires disclosure of certain corporate relationships, it is not inconsistent to request information under Local Rule 2.09 about other relationships not listed.

Accordingly, the Court concludes that Onex's corporate disclosure statement must: (1) identify all parent companies of the corporation regardless of their proportional ownership of Onex; (2) identify all subsidiaries not wholly owned regardless of their proportional ownership of Onex; and (3) identify any (and all) publicly held corporation or company that owns 10% or more of Onex's stock. The Court will therefor order Onex to supplement its disclosure.

*Disclosure of OP4's Limited Partners*

The Court begins by noting that LPs are not expressly listed in Local Rule 2.09(b). However, the spirit and intent of the Rule—to "be used by the judge assigned to a case to determine whether recusal is necessary or appropriate and to confirm jurisdiction is proper"—is equally applicable to LPs as to LLPs.  As such, the Court believes there may be circumstances in which the disclosure of an LP's limited partners is necessary to conduct its jurisdictional or recusal analysis.  In such cases, the Court could address confidentiality issues by conducting its review in camera.  That said, in this case, the Court believes that it can determine from the information before it that there is no conflict which would necessitate recusal.  Therefore, the Court will not order OP4 to supplement its disclosure certificate.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Onex Corporation **SHALL**, **within fifteen (15) days of the date of this order**, supplement its corporate disclosure certificate as detailed in this order**.**

Dated this 2nd day of June, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE