## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SBFO OPERATOR NO. 3, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-cv-03271-JAR |
| | ) | |
| ONEX CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Currently before the Court is Defendants' Motion to Dismiss Plaintiffs' Complaint. (Doc. 31). At the outset of their briefing, Defendants argue that all of Plaintiffs' claims are barred by License Agreements and Fixed Operating Expense Reimbursement Agreements between Plaintiffs and Moran Foods, LLC, d/b/a Save-A-Lot Ltd. (Doc. 31 at 9-11). Defendants attached examples of these agreements as exhibits to the motion, and the agreements are essential to the ultimate resolution of this case. Plaintiffs contend, among other arguments, that the Court may not consider the agreements at the motion to dismiss stage because they were not included in the pleadings. (Doc. 37 at 4-5). Defendants appropriately reply that the complaint itself makes multiple references to the agreements, and the agreements are therefore incorporated by reference. (Doc. 40 at 3-4).

"If, on motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). After thorough consideration, the Court concludes that Defendants' motion to dismiss should be converted into a motion for summary judgment. *See Kulhanek v. Griffith*, 2019 WL 7194763 (E.D. Mo. Dec. 26, 2019) (converting defendants' motion

for judgment on the pleadings into a motion for summary judgment); *Communications Unlimited Contracting Services, Inc. v. Broadband Infrastructure Connection, LLC*, 2017 WL 1908848, at *4 (E.D. Mo. May 10, 2017) (converting a motion to dismiss into a motion for summary judgment "out of an abundance of caution").

As required under Rule 12(d), this Memorandum and Order shall serve as notice to the parties that the Court will treat Defendants' motion to dismiss as a motion for summary judgment. *See Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000)

Accordingly,

**IT IS HEREBY ORDERED** that the Court will convert Defendants' motion to dismiss (Doc. 31) into a motion for summary judgment, in accordance with Federal Rules of Civil Procedure 12(d).

**IT IS FURTHER ORDERED** that Defendants shall have **thirty (30) days from of the date of this order** to file any supplemental briefing setting forth materials pertinent to their motion, Plaintiff shall have **30 days thereafter** to file any supplemental response, and Defendants shall have **14 days** thereafter to reply.

Dated this 31st day of August, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE