**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SBFO OPERATOR NO. 3, LLC, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-03271-JAR |
| | ) | |
| ONEX CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss. (Doc. 31). On August 31, 2020, this Court recognized that various agreements and other documents are "essential to the ultimate resolution of this case" but were not attached to the Complaint. (Doc. 43 at 1). Pursuant to Fed. R. Civ. P. 12(d), this Court converted the motion to dismiss into a motion for summary judgment so that the Court could properly consider matters outside the pleadings. (*Id.*). The parties have since filed supplemental briefing. (Docs. 45-46, 56).

In their supplemental briefing, Plaintiffs argue that summary judgment cannot be granted because they have not had an opportunity to engage in discovery. (Doc. 46 at 10-12). "As a general rule, summary judgment is proper 'only after the nonmovant has had adequate time for discovery.'" *Iverson v. Johnson Gas Appliance Co.*, 172 F.3d 524, 530 (8th Cir. 1999) (quoting *In re TMJ Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997)). Per Fed. R. Civ. P. 56(d), a court may defer or deny a motion for summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."

The party seeking discovery pursuant to Rule 56(d) must show (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts

sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 895 (8th Cir. 2014) (citations omitted). In a declaration filed by their attorney pursuant to Rule 56(d), Plaintiffs assert that there are "several fact-intensive defenses to the validity and enforceability of the Transaction Documents, including that those agreements were procured by fraud and/or negligent misrepresentation, and that they are unconscionable." (Doc. 49 at ¶ 10). Defendants respond by arguing that Plaintiffs are seeking discovery on matters outside what is alleged in the Complaint, "which further demonstrates that Plaintiffs are fishing for a basis to create a claim against Onex rather than prove one that is already well pled." (Doc. 56 at 13).

"[D]iscovery is not necessary in every situation; for example, when a complaint is facially time-barred, or when the nonmovant seeks to fish for a constitutional violation." *Iverson*, 172 F.3d at 530 (citations omitted). Defendants note that Rule 56(d) "does not license a fishing expedition." (Doc. 56 at 11). *See Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997), abrogated on other grounds, *Torgenson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (en banc). In sum, a party invoking the protections of Rule 56(d) must "do so in good faith by affirmatively demonstrating why he cannot respond . . . and how a postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975).

But because the "purpose of Rule 56(d) is to provide an additional safeguard against an improvident or premature grant of summary judgment," courts should apply the rule "with a spirit of liberality." *Rummel v. Massachusetts Mut. Life Ins. Co.*, No. 4:13-CV-1743 RWS, 2014 WL 1116741, at *1 (E.D. Mo. Mar. 20, 2014) (quoting *U.S. ex rel. Bernard v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002)). In this spirit of liberality, this Court agrees with Plaintiffs that

some limited discovery is necessary and appropriate to properly rule on Defendants' motion for summary judgment. The Court finds, however, that the requested information set out in Plaintiffs' declaration (Doc. 49) does not appear to be limited. Therefore, this Court will require that the parties submit proposed scheduling plans for the limited discovery necessary to properly rule on Defendants' motion for summary judgment. The parties shall meet and confer in advance of submitting their proposed plans and shall identify with specificity the discovery sought.

Accordingly,

**IT IS HEREBY ORDERED** that the parties **shall meet and confer** to discuss a limited discovery plan.

**IT IS FURTHER ORDERED** that each party shall **submit a proposed scheduling plan** no later than January 19, 2021.

Dated this 22nd day of December, 2020.

                                                                                     _John A. Ross_
                                                                                     JOHN A. ROSS
                                                                                     UNITED STATES DISTRICT JUDGE